UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ALLEN  RICHTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:13-cv-00336-WTL-WGH |
| | ) | |
| CLARK COUNTY JAIL Indiana, | ) | |
| SHERIFF OF CLARK COUNTY,  INDIANA, | ) | |
| COMMISSIONERS OF CLARK COUNTY, | ) | |
| CITY OF CLARK COUNTY, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry and Order Dismissing Action and Directing Entry of Final Judgment**

**I.**

The filing fee was not paid in this action. The plaintiff continues to owe the filing fee.

**II.**

A provision added to the Judicial Code by the Prison Litigation Reform Act of 1996 requires the district judge to screen prisoner complaints at the earliest opportunity and dismiss the complaint, in whole or part, if . . . it >fails to state a claim upon which relief can be granted.=@ *Sanders v. Sheahan*, 198 F.3d 626 (7th Cir. 1999) (quoting 28 U.S.C. ' 1915A(b)(1)). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). Richter's complaint is subject to this review.

Richter is confined at an Indiana prison. He filed this tort claim against the Clark County Jail, the Clark County Sheriff, and the Commissioners of Clark County. He seeks the cost of

personal property that was lost or stolen while he was incarcerated at the Clark County Jail. He seeks $3,500.00 in compensatory damages and $6,500.00 in punitive damages.

**A.**

Richter's complaint is purportedly brought pursuant to 42 U.S.C. ' 1983. This statute creates a federal cause of action for "the deprivation, under color of [state] law, of a citizen's rights, privileges, or immunities secured by the Constitution and laws of the United States." *Livadas v. Bradshaw,* 512 U.S. 107, 132 (1994). Thus, no action lies under ' 1983 unless a plaintiff has asserted the violation of a federal right. *See Middlesex County Sewage Auth. v. Nat'l Sea Clammers Ass'n,* 453 U.S. 1, 19 (1981); *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a *prima facie* case under ' 1983).

In the present case, the conduct Richter alleges is clear. It is equally clear that the conduct does not amount to a constitutional violation. At most Richter alleges negligence in the loss of his personal property. Richter speculates that inmates are allowed into the locker room to clean and "this is when they get into things." Compl. at p. 4. However, ' 1983 claims cannot be founded on negligence. *Loubser v. Thacker*, 440 F.3d 439, 442 (7th Cir. 2006) (citing *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Lewis v. Anderson*, 308 F.3d 768, 773 (7th Cir. 2002); *Upsher v. Grosse Pointe Public School System*, 285 F.3d 448, 453-54 (6th Cir. 2002).

Similarly, to the extent Richter intends to allege that the loss of his property violated his due process rights, that claim must fail as well. The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law," but a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional depravation of property meets the requirements of the due

process clause by providing due process of law. *Hudson v. Palmer,* 468 U.S. 517, 533 (1984)("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy."). Indiana's Tort Claims Act (IND. CODE ' 34-13-3-1 et seq.) provides for state judicial review of property losses caused by government employees, and provides an adequate post-deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *Wynn v. Southward,* 251 F.3d 588, 593 (7th Cir. 2001) (AWynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due.@).

Richter was entitled to constitutional protections with respect to the confiscation of his property, but this means nothing more and nothing less than due process, for that is the guarantee of the Fourteenth Amendment. *Zinerman v. Burch,* 110 S. Ct. 975, 983 (1990) (ADeprivation of a constitutionally protected interest in ›life, liberty, or property= is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law . . . . The constitutional violation actionable under ' 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process.@). Because Richter has an adequate state law remedy, the alleged deprivation of his property was not a constitutional violation. *Weaver v. Combs,* 2008 WL 4371342, *3 (S.D. Ind. 2008).

## B.

The foregoing resolves Richter's federal claim in the case. This court's jurisdiction over his pendent claims under Indiana law is conferred by 28 U.S.C. ' 1367(a). However, when a district court dismisses the claims over which it had original jurisdiction, it has discretion either to retain jurisdiction over the supplemental claims or to dismiss them. 28 U.S.C. ' 1367(c)(3);

*Kennedy v. Schoenberg, Fisher & Newman, Ltd.,* 140 F.3d 716, 717 (7th Cir.), *cert. denied,* 119 S. Ct. 167 (1998).

The general rule under these circumstances is to dismiss the pendent state law claims. *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n.7 (1988) ("in the usual case in which all federal law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine--judicial economy, convenience, fairness, and comity--will point toward declining to exercise jurisdiction over the remaining state-law claims") (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966)). The general rule will be followed here, and application of this rule dictates that the pendent state law claim be dismissed for lack of jurisdiction.

### III.

For the reasons explained above, the complaint fails to survive the screening required by § 1915A, because it fails to state a claim upon which relief can be granted. Dismissal of the action pursuant to 28 U.S.C. ' 1915A(b) is therefore mandatory, *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002), and judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:   10/28/2013

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

ALLEN  RICHTER
DOC 225559
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135